UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICARDO RUIZ-GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:22- |
| v. | ) | |
| | ) | |
| MATRIX4, | ) | JURY DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Ricardo Ruiz-Garcia ("Plaintiff"), by and through his attorney, the Law Offices of Michael T. Smith & Associates, PC, in complaining of the defendant, MATRIX4 ("Defendant"), states as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Americans with Disabilities Act, 42 U.S.C. 12101 et seq. ("ADA") for Defendant discriminating against him on the basis of his disability, failing to provide him with reasonable disability accommodations, and retaliating against him for requesting accommodations. In the alternative, Plaintiff brings this action under Illinois common law for terminating him in retaliation for exercising his rights under the Illinois Workers' Compensation Act ("IWCA").

2. Jurisdiction of this action is conferred upon the Court by 42 U.S.C. 12117(a) and 28 U.S.C. §§ 1331, 1343. This Court has supplemental jurisdiction over Plaintiff's Illinois Common Law Retaliatory Discharge claim pursuant to 28 U.S.C. §§ 1332 and 1367.

3. Venue for this action is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b)(1)-(2) and (d) because the

employment practices hereafter alleged to be unlawful were committed in the Northern District of Illinois and because Defendant's contacts are sufficient to subject it to personal jurisdiction in that district.

**PARTIES**

4.     Plaintiff is an adult individual and a resident of Woodstock in McHenry County, Illinois.

5.     Defendant is a domestic corporation doing business in Illinois and organized under the laws of the State of Illinois.

6.     At all times relevant to the allegations herein, all Defendant was an "employer" as that term is defined under the Americans with Disabilities Act, 42 U.S.C. § 12111(5).

7.     At all times relevant to the allegations herein, Plaintiff was an "employee" as that term is defined under the Americans with Disabilities Act, 42 U.S.C. § 12111(4).

8.     Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission on March 17, 2021 (Exhibit 1).  Thereafter, the EEOC sent Plaintiff a Notice of Right to Sue, dated March 3, 2022, based upon said charge (Exhibit 2). Plaintiff timely filed a complaint with this Court within 90 days of his receiving the Notice of Right to Sue.

**FACTUAL ALLEGATIONS**

9.     Plaintiff began employment with Defendant in February of 2017, initially performing shipping and receiving, cleaning, and manufacturing duties.

10.    At all times relevant to the allegations herein, Plaintiff met the legitimate work performance expectations of Defendant.

2

11.     Plaintiff suffered a shoulder injury while at work on July 20, 2020, and was diagnosed with a turned rotator cuff and turned bicep in February of 2021.  Plaintiff's shoulder injuries substantially limit him in several daily life activities including but not limited to lifting.

12.     Plaintiff notified his supervisor, Troy Troyan ("Troyan") of his doctor ordered restrictions (no lifting or pulling of anything over 5 pounds) who said he would notify management. Plaintiff also advised that his doctor told him he was going to need an MRI.

13.     Plaintiff requested accommodations including assistance with lifting more than 5 pounds or to be transferred to a vacant position that he could perform with his disability. Troyan commented replied, "You can't do that because there is no one else who can do what you do."

14.     Between July 2020 and November 2020, Plaintiff repeatedly asked Troyan for assistance and reminded him of his work restrictions, but the only response he ever received was, "Yes, we know".

15.     Plaintiff continued work 50 to 65 hours a week without accommodations from July of 2020 through the time of his termination on November 13, 2020.

16.     Plaintiff was given several unwarranted disciplinary actions during this time for incidents that he was either not culpable for, or for incidents that other similarly situated non-disabled employees who, to Plaintiff's knowledge, were not injured on the job and had not requested accommodations had committed but were not disciplined for.

17.     On November 11, 2020, Plaintiff was approached by Troyan and told that the CEO, Mike Crawford ("Crawford") wanted to see him to discuss his restrictions. During the meeting with the Crawford and Troyan, Crawford proceeded to scold Plaintiff for not following his doctor restrictions.  Mr. Crawford said, "Ricardo, I have been told that you had an accident here at work and that you are not following your restrictions so what we are going to do is move you into a different department where there is less danger for you to aggravate your injury or get

3

injury again." Plaintiff indicated that he was fine being moved into a different position and also explained that he had asked Troyan several times for accommodations in performing his duties, but Troyan never provided him with any accommodations.

18. About 10 minutes after Plaintiff began working in his new position, Troyan told Plaintiff that he needed to remove all of his personal belongings from the warehouse immediately so that he would not have any excuse to be in the warehouse in the future. Plaintiff indicated to Troyan that he felt like he was being punished. Troyan then accompanied Plaintiff to the warehouse so that he could remove his personal items, which included a wheeled minifridge.

19. While Plaintiff was pushing the minifridge with his good arm, he was confronted by the Crawford, who asked what Plaintiff was doing. Plaintiff explained that Troyan told him to remove his personal items from the warehouse immediately so that he would have no excuse to be in the warehouse in the future. Crawford scolded Plaintiff for trying to move his minifridge, despite the fact that Plaintiff was pushing the fridge with his good arm and Troyan was there and offered no assistance.

20. Plaintiff became upset during the conversation with Crawford and was shaking so he went outside in order to take off his mask, catch his breath, and calm down. Plaintiff then advised Crawford that he needed to go home for the day.

21. Approximately 2 hours later, Plaintiff received a text message from Crawford telling him that the next time he came to work, he is to enter through the front entrance and not use the employee entrance.

22. On November 13, 2020, upon returning to work, Plaintiff met with Crawford. Crawford wanted to discuss what Plaintiff's "problem was." While Plaintiff was explaining all

4

of the issues to Crawford, including not being given accommodations, Crawford cut the meeting short and asked him to write everything down in a letter and bring it back the next day.

23.     When Plaintiff returned the next day, Crawford refused to accept or even look at his letter and he was sent home.  Crawford told Plaintiff to return on Monday, November 16, 2020.

24.     Plaintiff went home as instructed, but later that afternoon he received a phone call from Crawford advising him that he was being terminated based upon "overall disciplinary and performance history, coupled with conduct from yesterday's event."

25.     Plaintiff's termination was without legitimate cause or justification as the disciplinary actions he had recently been given were unwarranted.  Furthermore, Plaintiff's work performance history was impeccable and had not been issued any disciplinary actions prior to his injury.

## COUNT I
## (ADA DISCRIMINATION)

26.      Plaintiff re-alleges paragraphs 1 through 25 and incorporates them as if fully set forth herein.

27.     Title I of the Americans with Disabilities Act makes it unlawful for an employer to discriminate against an employee on the basis of his or her disability, because of a record of disability, or because the employer regards the employee as suffering from a disability.

28.     The ADA also requires employers to make reasonable disability accommodations to qualified individuals with a disability that do not create an undue hardship for the employer.

29.     Defendant was aware of Plaintiff's disabilities.

30.     Plaintiff could have performed the essential functions of his position had he been provided with the reasonable disability accommodations he requested, such as being given

5

assistance with items over 5 pounds or being transferred to an available position that did not violate his restrictions. Such positions did exist at the time that Plaintiff made his request for accommodations.

31.     Defendant failed to engage Plaintiff in an interactive process to determine what alternative accommodations could be provided to.

32.     By its conduct as alleged herein, Defendant failed to accommodate Plaintiff's disability and then discriminated against him on the basis of his disability when it terminated his employment.

33.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible disability discrimination.

34.     Plaintiff demands to exercise his right to a jury trial in this matter.

### PRAYER FOR RELIEF AS TO COUNT I

WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make him whole, including:

a.  Injunctive relief;

b.  Lost wages and other economic damages;

c.  Compensatory damages for pain and suffering;

d.  Punitive damages;

e.  Attorneys' fees and costs incurred in this action;

f.  Such other relief as is just and equitable;

g.  The plaintiff requests a jury trial of this action.

### COUNT II
### (ADA - RETALIATION)

35.     Plaintiff re-alleges paragraphs 1 through 25 and incorporates them as if fully set

6

forth herein.

36.     The ADA protects employees from retaliation by their employers for asserting rights under the ADA, such as needing and/or requesting disability accommodations.

37.     Plaintiff engaged in protected activity when he needed and requested disability accommodations.

38.     By its conduct as alleged herein, Defendant retaliated against Plaintiff for needing and requesting accommodations when it disciplined him and then terminated his employment.

39.      Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliation.

40.     Plaintiff demands to exercise his right to a jury trial in this matter.

## PRAYER FOR RELIEF AS TO COUNT II

WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make him whole, including:

   a.   Injunctive relief;

   b.   Lost wages and/or other economic damages;

   c.   Attorneys' fees and costs incurred in this action;

   d.   Such other relief as is just and equitable;

   e.   The plaintiff requests a jury trial of this action.

## COUNT III
## (ILLINOIS COMMON LAW RETALIATORY DISCHARGE)

41.     Plaintiff pleads this count in the alternative.

42.     Plaintiff re-alleges paragraphs 1 through 25 and incorporates them as if fully set forth herein.

43.     The Illinois Supreme Court recognized a limited exception to the at-will

7

employment rule in *Kelsay v. Motorola, Inc.*, 74 Ill. 2d 172 (1978), when it determined that a plaintiff who was terminated for pursuing compensation under the Illinois Workers' Compensation Act (the "IWCA"), 820 ILCS 305/1 *et seq.*, could bring an action for retaliatory discharge against the former employer.

44.     Plaintiff indicated the need to seek medical attention for a work related injury and was terminated 4 days later without legitimate cause or justification.

45.     By the conduct alleged herein, Defendant retaliated against Plaintiff for exercising and/or expressing his intent to exercise his rights under the IWCA by terminating his employment.

46.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliation.

47.     Plaintiff demands to exercise his right to a jury trial in this matter.

**PRAYER FOR RELIEF AS TO COUNT III**

WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make the plaintiff whole, including:

    a.  Injunctive relief;

    b.  Lost wages and/or other economic damages;

    c.  Compensatory damages;

    d.  Punitive damages;

    e.  Attorneys' fees (if available);

    f.  Such other relief as is just and equitable;

    g.  The plaintiff requests a jury trial of this action.

8

**RICARDO RUIZ-GARCIA**

BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith #6180407IL
THE LAW OFFICES OF MICHAEL T. SMITH & ASSOCIATES, P.C.
10 Martingale Road, Suite 400
Schaumburg, Illinois 60173
(847) 466-1099
Msmith39950@aol.com

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RICARDO RUIZ-GARCIA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 1:22-** |
| **v.** | ) | |
| | ) | |
| **MATRIX4,** | ) | **JURY DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

**<u>COMPLAINT</u>**

# EXHIBIT 1

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| | FEPA | 440-2021-02983 |
| | X EEOC | |

| State or local Agency, if any | | and EEOC |
|---|---|---|

| NAME (Indicate Mr, Ms., Mrs.) | | S.S. No. | |
|---|---|---|---|
| Mr. Ricardo Ruiz-Garcia | | HOME TELEPHONE (Include Area Code) (847)-770-5608 | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 1224 Walden Oaks Drive, APT#2R, Woodstock, Illinois 60098 | | 1977 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| MATRIX4 | 15-100 | (815) 338-4500 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 610 E. Judd Street, Woodstock, Illiois 60098 | | McHenry |

| NAME | | TELEPHONE NUMBER (Include Area Code) |
|---|---|---|
| | | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

| | RACE | | COLOR | | SEX | | RELIGION | | AGE |
|---|---|---|---|---|---|---|---|---|---|
| X | RETALIATION | | NATIONAL ORIGIN | X | DISABILITY | | OTHER (Specify) Hostile Environment | | |

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST (ADEA/EPA) | LATEST (ALL) |
| 07/20/2020 | 11/13/2020 |
| CONTINUING ACTION | |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by the Respondent on February 06, 2017. My most recent position was as labor in Shipping. After I was injured at work I was given restrictions and accommodations which my supervisor won't provide. I was then subjected to retaliation and then harassment and terminated on November 13, 2020.

I believe that I was discriminated and retaliated in violation of the American with Disabilities Act of 1990 as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their proceedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| DocuSigned by: Ricardo Ruiz Garcia 4AE1CFBA54EF419... Date 02/27/2021 Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RICARDO RUIZ-GARCIA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 1:22-** |
| **v.** | ) | |
| | ) | |
| **MATRIX4,** | ) | **JURY DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

# EXHIBIT 2

11

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | **Ricardo Ruiz-Garcia**<br>**c/o Michael T. Smith**<br>**Law Offices of Michael T. Smith, P.C.**<br>**10 N Martingale Road, Suite 400**<br>**Schaumburg, Illinois 60173** | From: | **Chicago District Office**<br>**230 S Dearborn Street**<br>**Chicago, IL 60604** |

| EEOC Charge No.<br>**440-2021-02983** | EEOC Representative<br>**Eva Baran,**<br>**Investigator** | Telephone No.<br>**312-872-9681** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission:

*Julianne Bowman/eh*                                    3/3/2022

Enclosures(s)        **Julianne Bowman,**        *(Date Mailed)*
**District Director**

cc:    **MATRIX4**